IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES B. NEELY JR.                                                                       PLAINTIFF
ADC #110915

v.                              No: 4:18-cv-00134 JLH-PSH

TONYA PARKER, *et al.*                                                                 DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff James B. Neely Jr., an inmate at the Saline County Detention Facility, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on February 16, 2018 (Doc. No. 2). Neely was instructed to file an amended complaint describing how each defendant violated his constitutional rights and how he was injured by each defendant's actions. *See* Doc. No. 3. Neely was also instructed to describe only one factually related incident or issue in his amended complaint.[1] For

---

[1] Under Fed. R. Civ. P. 18, a plaintiff may bring multiple claims, related or not, against a single defendant. To proceed against multiple defendants, plaintiff must satisfy Fed. R. Civ. P. 20, which allows claims against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants. *See Mosley v. Gen. Motors Corp.,*

the reasons described below, the undersigned finds that Neely fails to describe facts sufficient to state a claim for relief and recommends dismissal of his claims.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. It appears that Neely is asserting an Eighth Amendment claim based on the temperatures in his cell and his receipt of a racially offensive note.

---

497 F.2d 1330, 1333 (8th Cir. 1974) (Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding."); *see also Fulghum v. Allen*, 2015 WL 5667479 at *1 (8th Cir. 2015); *Harris v. Union Pacific R. Co.*, 2013 WL 1187719 (E.D. Ark. 2013); *Langrell v. Union Pacific R. Co.,* 2012 WL 3041312 (E.D. Ark. 2012).

*Cold Temperatures.* Neely alleges that Sergeant Tonya Parker placed him in unlivable conditions within the jail and left instructions for him to remain there for at least three weeks. It is not clear whether he was placed in segregated confinement or in the general jail population. Regardless, he alleges there was no heat in his cell and that a temperature reading indicated it was 50 degrees in the evening, and he suspects the temperature dropped into the 40s and high 30s overnight. Neely claims he suffered arthritis and pain in his pelvic area as a result and that he subsequently fell and hit his head on the toilet.

To support an Eighth Amendment violation, a plaintiff must prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by prison officials in condoning or creating the conditions. *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993). The "defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the 'minimal civilized measure of life's necessities.' . . . The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 342 (1981) and *Estelle v. Gamble*, 429 U.S. 97, 104 (1977)). "[D]iscomfort compelled by conditions of confinement, without more, does not violate the amendment." *Smith v. Coughlin*, 748 F.2d 783, 787 (2nd Cir. 1984) (quoting *Jackson v. Meachum*, 699 F.2d 578, 581 (1st Cir. 1983)). The Eighth Amendment guarantees prisoners the right to adequate shelter and protection from *extreme* cold, and courts examine allegations of the severity of the cold and the length of time a prisoner is exposed to it. *Dixon v. Godinez,* 114 F.3d 640, 642 (7th Cir. 1997). *See e.g.*, *Corselli v. Coughlin*, 842 F.2d 23, 27 (2d Cir. 1988) (plaintiff alleged he was exposed to cold temperatures for approximately three months and it was so cold that ice was forming in his toilet); *Dixon v. Godinez*, 114 F.3d at 644 (plaintiff testified "that ice

persistently formed on the walls of the cells suggest[ed] that temperatures in the cell block were literally freezing, during the day as well as at night, and that this condition continued unchanged for several winters"); *Bennett v. Chitwood*, 519 Fed. Appx. 569, 574 (11th Cir. 2013) (no objectively serious deprivation was demonstrated where the "case [was] not one in which ice formed inside the cell"); *Diggs v. Godinez*, 1997 WL 308847, at *6 (N.D. Ill. June 3, 1997) (plaintiff asserted "that ice often formed on the inside of [the plaintiff's] own cell, and that [the plaintiff] lacked extra blankets or a space heater" for one year); *Dillingham v. Schofield*, 2011 WL 3664470, at *8 (E.D. Tenn. Aug. 19, 2011) (plaintiff alleged that the temperature outdoors was below zero and that ice formed in the cell for a period of three days, which caused the skin on the plaintiff's fingers to crack and bleed).

Neely's allegation that he was forced to endure cold temperatures does not equate a constitutional violation. He speculates that the temperature fell to the high 30s while outside temperatures dropped to single digits.[2] He does not indicate how long such temperatures persisted. In sum, Neely alleges he was uncomfortable but he does not allege that he was denied life's necessities such as food, shelter, and water. Accordingly, he does not state a claim under the Eighth Amendment.

*Insults.* Neely further alleges that Sheriff Rodney Wright failed to adequately train and supervise officers working in the jail, and as a result, an officer wrote Neely a racist note causing him to feel depressed and lose sleep. Insults or threats generally do not rise to the level of a constitutional violation. *See Hopson v. Fredericksen,* 961 F.2d 1374, 1378 (8th Cir. 1992) (finding

---

[2] The Court takes judicial notice that the temperature fell below freezing in Saline County for approximately one week beginning January 12, 2018, and then only occasionally fell below freezing in January and February 2018. *See* Fed. R. Evid. 201; https://www.wunderground.com/history/airport/KLIT/2018/2/12/MonthlyHistory.html?req_city=Benton&req_state=AR&req_statename=Arkansas&reqdb.zip=72015&reqdb.magic=1&reqdb.wmo=99999.

officer's use of racial slur and threat to knock prisoner's teeth out was not actionable).[3]  The only exception to this rule is when a verbal threat rises to the level of a "wanton act of cruelty" such that the inmate is in fear of "instant and unexpected death at the whim of his allegedly bigoted custodians."  *Burton v. Livingston,* 791 F.2d 97, 99–100 (8th Cir.1986).  Because Neely's allegations that he received an offensive note with a racial slur does not approach this threshold, he does not state an actionable 1983 claim.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Neely's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Neely's motion for summary judgment (Doc. No. 9) be denied as moot, or alternatively, as premature since defendants have not yet been served in this case.

3. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 30th day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] *See also McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993) (inmate's allegations of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas,* 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials insufficient to state a constitutional violation); *Black Spotted Horse v. Else,* 767 F.2d 516, 517 (8th Cir. 1985) (allegation of racially offensive language directed at a prisoner does not, by itself, state a constitutional claim).